1   Robert B. Kaplan
    William R. Baker III
2   Kathleen M. Hamm
    Lawrence A. West
3
    Attorneys for Plaintiff
4   SECURITIES AND EXCHANGE COMMISSION
    450 Fifth Street, N.W.
5   Washington, D.C.  20549
    (202) 942-4637 (Hamm)
6   (202) 628-1471 (fax)

7   LOCAL COUNSEL

8   Karen L. Matteson, Cal. Bar # 102103
9   SECURITIES AND EXCHANGE COMMISSION
    5670 Wilshire Boulevard, 11th Floor
10  Los Angeles, California  90036-3648
    Telephone:  (323) 965-3998
11  Facsimile:  (323) 965-3908

12              UNITED STATES DISTRICT COURT

13          FOR THE CENTRAL DISTRICT OF CALIFORNIA

14

15  SECURITIES AND EXCHANGE COMMISSION,    Case No. SACV99-1384GLT(EEx)

16          Plaintiff,
                                           FINAL JUDGMENT AS TO
17      vs.                                CHARLES W. MCBRAYER

18  CHARLES S. STRAUCH and CHARLES W.
    MCBRAYER,
19
            Defendants.
20

21      Defendant Charles W. McBrayer has entered a general

22  appearance herein; admitted the jurisdiction of this Court over

23  him and over the subject matter of this action; waived the filing

24  of an answer to the complaint; waived the entry of findings of

25  fact and conclusions of law pursuant to Rule 52 of the Federal

26  Rules of Civil Procedure, and without admitting or denying the

27  allegations of the complaint, except as to jurisdiction, which he

28  admitted, and without trial, argument, or adjudication of any

ORIGINAL

ENTERED ON ICMS

1 | issue of fact or law, findings of fact, or conclusions of law, all
2 | of which he waived, consented to the entry of this final judgment.
3 | It further appearing that this Court has jurisdiction over
4 | McBrayer and the subject matter hereof, it is hereby ordered,
5 | adjudged and decreed pursuant to Rule 54(b) of the Federal Rules
6 | of Civil Procedure as follows:

7 |                                I.

8 | McBrayer, his agents, servants, employees, attorneys-in-fact,
9 | successors, and assigns and all those persons in active concert or
10 | participation with them who receive actual notice of this final
11 | judgment by personal service or otherwise, and each of them, be
12 | and they hereby are permanently restrained and enjoined from
13 | violating Section 10(b) of the Securities Exchange Act of 1934
14 | (Exchange Act) and Rule 10b-5 promulgated thereunder [15 U.S.C. §
15 | 78j(b) and 17 C.F.R. § 240.10b-5], directly or indirectly, by the
16 | use of any means or instrumentality of interstate commerce, or of
17 | the mails, or of any facility of any national securities exchange:
18 | A.   to employ any device, scheme, or artifice to defraud;
19 | B.   to make any untrue statement of a material fact or to
20 |      omit to state a material fact necessary in order to make
21 |      the statements made, in light of the circumstances under
22 |      which they were made, not misleading; or
23 | C.   to engage in any act, practice, or course of business
24 |      which operates or would operate as a fraud or deceit
25 |      upon any person,
26 | in connection with the purchase or sale of any security.
27 |
28 |

II.

McBrayer, his agents, servants, employees, attorneys-in-fact, successors, and assigns and all those persons in active concert or participation with them who receive actual notice of this final judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act and Rule 13b2-1 promulgated thereunder [15 U.S.C. § 78m(b)(5) and 17 C.F.R. § 240.13b2-1] by:

A.   knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)]; or

B.   directly or indirectly, falsifying or causing to be falsified, any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

III.

McBrayer, his agents, servants, employees, attorneys-in-fact, successors, and assigns and all those persons in active concert or participation with them who receive actual notice of this final judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from violating or aiding and abetting or causing violations of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act and Rules 12b-20 and 13a-13 promulgated thereunder [15 U.S.C. §§ 78m(a),

1  78m(b)(2)(A) and 78m(b)(2)(B) and 17 C.F.R. §§ 240.12b-20 and
2  240.13a-13], by directly or indirectly:

3     A.   filing or causing to be filed with the Securities and
4          Exchange Commission any report required to be filed with
5          the Commission pursuant to Section 13(a) of the Exchange
6          Act [15 U.S.C. § 78m(a)] and the rules and regulations
7          promulgated thereunder, which contains any untrue
8          statement of material fact, which omits to state any
9          material fact necessary in order to make the statements
10         made, in light of the circumstances under which they
11         were made, not misleading, or which omits to disclose
12         any information required to be disclosed;

13    B.   failing to make and keep books, records, and accounts,
14         which, in reasonable detail, accurately and fairly
15         reflect the transactions and dispositions of the assets
16         of any issuer; or

17    C.   failing to devise and maintain a system of internal
18         accounting controls sufficient to provide reasonable
19         assurances that: (1) transactions are executed in
20         accordance with management's general or specific
21         authorization; (2) transactions are recorded as
22         necessary to permit preparation of financial statements
23         in conformity with generally accepted accounting
24         principles or any other criteria applicable to such
25         statements, and to maintain accountability for assets;
26         (3) access to assets is permitted only in accordance
27         with management's general or specific authorization; and
28         (4) the recorded accountability for assets is compared

1 with the existing assets at reasonable intervals and

2 appropriate action is taken with respect to any

3 differences.

4 IV.

5 McBrayer shall be assessed and shall pay $25,000 as a civil

6 penalty pursuant to Section 21(d)(3) of the Exchange Act [15

7 U.S.C. § 78u(d)(3)].  The Court hereby orders McBrayer to pay the

8 $25,000 within ten days from the date of entry of this judgment,

9 by check made payable to the Securities and Exchange Commission,

10 and sent to the Comptroller, U.S. Securities and Exchange

11 Commission, Operations Center, 6432 General Green Way, Stop 0-3,

12 Alexandria, VA 22312, under cover of a letter that identifies

13 McBrayer, the caption and case number of this action, the name of

14 this Court, and the Commission's file number (HO-3128).  Copies of

15 the check and accompanying cover letter shall be simultaneously

16 transmitted to the Secretary of the Commission, Office of the

17 Secretary, 450 Fifth Street, N.W., Washington, D.C. 20549-0609 and

18 counsel for the Commission, Kathleen M. Hamm, 450 Fifth Street,

19 N.W., Washington, D.C. 20549-0806.  In the event that McBrayer

20 does not make full payment within ten days of entry of this final

21 judgment, he shall pay postjudgment interest, at the rate

22 prescribed by 28 U.S.C. § 1961, on any unpaid amount accruing from

23 the tenth day after entry of judgment through the date of payment.

24 V.

25 In accordance with the terms of his consent, McBrayer agrees

26 and undertakes that, at the request of the Commission, on

27 reasonable notice and without service of a subpoena, subject to

28 the assertion of the applicable privileges described below, he

- 5 -

1   will (a) cooperate with the Commission and its staff and
2   truthfully disclose all information with respect to his activities
3   and the activities of others about which the Commission or its
4   staff may inquire in connection with the subject matter of the
5   Commission's investigation entitled <u>In the Matter of Capital</u>
6   <u>Insight Brokerage</u>, HO-3128, and related matters; (b) testify in
7   all investigations and administrative and judicial proceedings at
8   which the Commission or its staff requests his testimony in
9   connection with the subject matter of the Commission's
10  investigation entitled <u>In the Matter of Capital Insight Brokerage</u>,
11  HO-3128, and related matters; (c) make himself available at all
12  reasonable times as may be required by the Commission or its staff
13  in connection with the subject matter of the Commission's
14  investigation entitled <u>In the Matter of Capital Insight Brokerage</u>,
15  HO-3128, and related matters; and (d) produce any documents within
16  his possession, custody or control, domestic or foreign, which are
17  requested by the Commission or its staff in connection with the
18  subject matter of the Commission's investigation entitled <u>In the</u>
19  <u>Matter of Capital Insight Brokerage</u>, HO-3128, and related matters.
20  At all times, McBrayer agrees to give truthful and accurate
21  information and testimony and not to assert any evidentiary or
22  other privilege in connection with the undertakings set forth in
23  this paragraph, other than the attorney-client privilege and the
24  Fifth Amendment privilege against self-incrimination.  McBrayer
25  understands that his failure to testify truthfully or to comply
26  with the above undertakings may result in contempt proceedings or
27  charges of perjury and obstruction of justice.
28

- 6 -

VI.

There being no just cause for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this final judgment forthwith.

So ordered, this 16th day of November 1999.

UNITED STATES DISTRICT JUDGE

GARY L. TAYLOR