Robert B. Kaplan
William R. Baker III
Kathleen M. Hamm
Lawrence A. West

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
450 Fifth Street, N.W.
Washington, D.C. 20549
(202) 942-4637 (Hamm)
(202) 628-1471 (fax)

LOCAL COUNSEL

Karen L. Matteson, Cal. Bar # 102103
SECURITIES AND EXCHANGE COMMISSION
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. SACV 99-1384 GLT (EEx) |
| Plaintiff, | FINAL JUDGMENT AS TO CHARLES S. STRAUCH |
| vs. | |
| CHARLES S. STRAUCH and CHARLES W. MCBRAYER, | |
| Defendants. | |

Defendant Charles S. Strauch has entered a general appearance herein; admitted the jurisdiction of this Court over him and over the subject matter of this action; waived the filing of an answer to the complaint; waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure; and without admitting or denying the allegations of the complaint, except as to jurisdiction, which he admitted, and without trial, argument, or adjudication of any issue of fact or law, findings of

fact, or conclusions of law, all of which he waived, consented to the entry of this final judgment. It further appearing that this Court has jurisdiction over Strauch and the subject matter hereof, it is hereby ordered, adjudged and decreed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as follows:

I.

Strauch, his agents, servants, employees, attorneys-in-fact, successors, and assigns and all those persons in active concert or participation with them who receive actual notice of this final judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 (Exchange Act) and Rule 10b-5 promulgated thereunder [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5], directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A. to employ any device, scheme, or artifice to defraud;

    B. to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C. to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

II.

Strauch shall be assessed and shall pay $25,000 as a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C.

1 § 78u(d)(3)]. The Court hereby orders Strauch to pay the $25,000
2 within ten days from the date of entry and filing of this judgment,
3 by check made payable to the Securities and Exchange Commission, and
4 sent to the Comptroller, U.S. Securities and Exchange Commission,
5 Operations Center, 6432 General Green Way, Stop 0-3, Alexandria, VA
6 22312, under cover of a letter that identifies Strauch, the caption
7 and case number of this action, the name of this Court, and the
8 Commission's file number (HO-3128). Copies of the check and
9 accompanying cover letter shall be simultaneously transmitted to the
10 Secretary of the Commission, Office of the Secretary, 450 Fifth
11 Street, N.W., Washington, D.C. 20549-0609 and counsel for the
12 Commission, Kathleen M Hamm, 450 Fifth Street, N.W., Washington,
13 D.C. 20549-0806. In the event that Strauch does not make full
14 payment within ten days of entry and filing of this final judgment,
15 he shall pay postjudgment interest, at the rate prescribed by 28
16 U.S.C. § 1961, on any unpaid amount accruing from the tenth day
17 after entry and filing of judgment through the date of payment.

18                                 III.

19      In accordance with the terms of his consent, Strauch agrees and
20 undertakes that, at the request of the Commission, on reasonable
21 notice and without service of a subpoena, subject to the assertion
22 of the applicable privileges described below, he will (a) cooperate
23 with the Commission and its staff and truthfully disclose all
24 information with respect to his activities and the activities of
25 others about which the Commission or its staff may inquire in
26 connection with the subject matter of the Commission's investigation
27 entitled *In the Matter of Capital Insight Brokerage*, HO-3128, and
28 related matters; (b) testify in all investigations and

1 administrative and judicial proceedings at which the Commission or
2 its staff requests his testimony in connection with the subject
3 matter of the Commission's investigation entitled *In the Matter of*
4 *Capital Insight Brokerage*, HO-3128, and related matters; (c) make
5 himself available at all reasonable times as may be required by the
6 Commission or its staff in connection with the subject matter of the
7 Commission's investigation entitled *In the Matter of Capital Insight*
8 *Brokerage*, HO-3128, and related matters; and (d) produce any
9
10 documents within his possession, custody or control, domestic or
11 foreign, which are requested by the Commission or its staff in
12 connection with the subject matter of the Commission's investigation
13 entitled *In the Matter of Capital Insight Brokerage*, HO-3128, and
14 related matters. At all times, Strauch agrees to give truthful and
15 accurate information and testimony and not to assert any evidentiary
16 or other privilege in connection with the undertakings set forth in
17 this paragraph, other than the attorney-client privilege and the
18 Fifth Amendment privilege against self-incrimination. Strauch
19 understands that his failure to testify truthfully or to comply with
20 the above undertakings may result in contempt proceedings or charges
21 of perjury and obstruction of justice.
22
23
24
25
26
27
28

IV.

There being no just cause for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this final judgment forthwith.

So ordered, this 16th day of November 1999, at ____.

_____
UNITED STATES DISTRICT JUDGE

GARY L. TAYLOR